Trump v Trump (2023 NY Slip Op 03427)

Trump v Trump

2023 NY Slip Op 03427

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 654698/20 Appeal No. 511 Case No. 2022-05227 

[*1]Mary L. Trump, Plaintiff-Appellant,
v
Donald L. Trump, etc., et al., Defendants-Respondents.

Kaplan Hecker & Fink LLP, New York (Roberta A. Kaplan of counsel), for appellant.
Kiley, Kiley & Kiley, PLLC, Lake Success (James D. Kiley of counsel), for Donald J. Trump and Shawn Hughes, respondents.
Greenfield Stein & Senior, LLP, New York (Gary B. Freidman of counsel), for Maryanne Trump Barry, respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered November 15, 2022, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court applied the correct standard in reviewing the validity and scope of the general releases at issue. The court cited to the proper "fairly and knowingly made" standard (Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011] [internal quotation marks omitted]), and engaged in a detailed analysis of whether plaintiff had sufficiently alleged the existence of overreaching or unfair circumstances such that enforcement of the general releases would be inequitable. The court noted that plaintiff had been represented by experienced counsel, and that she had acknowledged in the settlement agreement that it had been entered into on a voluntary and knowing basis. Plaintiff's other conclusory assertions of unfairness were at least implicitly rejected by the court.
Plaintiff's argument that Supreme Court conflated the proper standard — and only addressed the alleged threats in the context of a lack of free will or duress — does not compel reversal. In count three of the complaint, plaintiff asserts a claim for fraudulent inducement, alleging that defendants understated and undervalued her assets and induced her to enter into the settlement agreement and the general releases. Thus, the court properly and necessarily addressed the separate issue of whether plaintiff had alleged a fraud separate and apart from the subject of the general releases. This analysis does not detract from the court's inquiry into whether the general releases had been "fairly and knowingly made."
Defendants also met their burden of establishing that the general releases "clearly and unambiguously" reached the previously unknown claims asserted in this lawsuit (Centro, 17 NY3d at 276-277). Supreme Court carefully analyzed the language of the broad general releases, and determined that the language "all actions" and "causes of action" that plaintiff "ever had" or "can, shall or may, have" revealed an intention to release all claims, including unknown claims, as part of their "global settlement." While plaintiff argues that the parties should have specified that this language would reach "unknown" claims, this was not necessary given the parties' clear intent to encompass all possible claims that could be brought then or in the future.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023